## Norma HAWK, Plaintiff—Appellant,

v.

## Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.

### No. 03–16701.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2005.

Decided June 14, 2005.

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., USPX—Office of The U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Norma Hawk appeals the district court's decision to remand her claim for disability insurance benefits for further administrative proceedings.

We review the district court's decision to remand for abuse of discretion. *Harman v. Apfel,* 211 F.3d 1172, 1173 (9th Cir.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2000). In *Harman,* 211 F.3d at 1178, we adopted the test we originally formulated in *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1996) to evaluate whether a district court abused its discretion by remanding for further proceedings instead of crediting the evidence and directing an immediate award of benefits. Here, the district court determined that the administrative law judge failed to provide legally sufficient reasons for rejecting the opinion of Hawk's treating physician, but did not identify any outstanding issues that had to be resolved before a determination of disability could be made. Furthermore, the ALJ stated on the record that were she to credit Hawk's treating physician she would necessarily find Hawk disabled. Therefore, under the *Harman* test, the district court should have credited the testimony of Hawk's treating physician and directed an award of benefits. *Harman,* 211 F.3d at 1178. Accordingly, we remand to the district court with instructions to remand to the Social Security Administration to establish the onset date of Hawk's disability, and direct an immediate award of benefits retroactive to the onset date.

REVERSED AND REMANDED WITH INSTRUCTIONS.